IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:05CR238 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| VICENTE NUNGARAY-CALDERON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

   This matter is before the court on defendant Vicente Nungaray-Calderon's objection, Filing No. 30, to the report and recommendation of Magistrate Judge Thomas D. Thalken, Filing No. 29, regarding defendant's motion to suppress, Filing No. 19.  Defendant is charged with one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(a), after being convicted of an aggravated felony and deported.  Filing No. 11.  Defendant seeks suppression of evidence derived from a traffic stop.  The magistrate judge recommended that the defendant's motion be denied.

   Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo determination of those portions of the report and recommendation to which the defendant objects.  *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the entire record including the transcript of the hearing held on August 15, 2005, Filing No. 28 ("Tr."), and the videotape of the stop, Filing No. 27, and the relevant case law.  The court concludes that the magistrate judge's report and recommendation is adopted.

**FACTS**

On or about April 26, 2005, Nebraska State Trooper Robby Jackson patrolled an area of Interstate 80 close to Kimball, Nebraska. Trooper Jackson testified that he approached a minivan traveling in the right westbound lane. As he approached the minivan, Trooper Jackson could not tell who drove the car or whether it had tinted windows. Tr. 8:20-24. Because a plastic cover obscured parts of the plate, Trooper Jackson could not completely view the license plate and decided to pull the vehicle over for violating Neb. Rev. Stat. § 60-324 (now Neb. Rev. Stat. § 60-399). Tr. 7:15-8:1: 8:11-12; 9:5-8. Trooper Jackson testified that he pulled in behind the minivan. Defendant's wife, Rosa Nungaray, testified that Trooper Jackson came from behind, placed his vehicle next to them, and then looked inside their car, before he backed off and pulled them over. Tr. 29:2:24.

Trooper Jackson asked for and received defendant's registration and driver's license. The defendant accompanied Trooper Jackson to the patrol vehicle where Trooper Jackson called in the license number. Trooper Jackson received a response indicating that defendant had an outstanding warrant with the Immigration and Naturalization Service. Trooper Jackson then talked with an immigration officer who also verified the warrant and told Trooper Jackson to detain the defendant at the local sheriff's office until an immigration officer arrived. Trooper Jackson then arrested the defendant and transported him to the sheriff's office.

**DISCUSSION**

Defendant contends that the trooper did not have probable cause to stop him. The magistrate judge concluded that probable cause existed to make the stop. Trooper

Jackson testified that the license plate on the rear of the defendant's vehicle had a plastic, clear covering which inhibited his view of the license plate in violation of Neb. Rev. Stat. § 60-324 (now § 60-399).  This section states in pertinent part:

> All letters, numbers, printing, writing, and other identification marks upon such plates and certificate shall be kept clear and distinct and free from grease, dust, or other blurring matter, so that they shall be plainly visible at all times during daylight and under artificial light in the nighttime.

It is undisputed that the license plate had a clear covering over it.  Defendant's wife testified that they purchased the covering at a Wal-Mart store.  She further testified that people who live in California, as did the defendant and his wife, buy these covers to protect the annual renewal stickers from theft.  However, Trooper Jackson testified that this plastic cover obscured part of the numbers on the plate, particularly given the fact that it had been misting off and on during the relevant time period.  Tr. 7:15-8:4.  Upon returning home to California, defendant's wife took pictures of the plates with the plastic covering, and the magistrate judge received these pictures into evidence.  Tr. 33-34; Exs. 101, 102, 104, 105, and 106.

The court agrees with the magistrate judge that probable cause existed to stop the defendant.  The Eighth Circuit has "repeatedly held that any traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver." *United States v. Mallari*, 334 F.3d 765, 766 (8th Cir. 2003) (citations and internal quotations omitted). The court must use the objectively reasonable standard in determining if the stop was reasonable or merely pretextual.  *United States v. Jones*, 275 F.3d 673, 680 (8th Cir. 2001).  The officer's belief, even if mistaken, must be upheld if objectively reasonable. *United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999); *United States v. Thomas*, 93

F.3d 479, 485 (8th Cir. 1996). Trooper Jackson testified that the clear cover, coupled with the light rain, blurred the identification marks on the license plate. Further, the exhibits of the license plate submitted by defendant at the suppression hearing are not helpful. At least one exhibit, Ex. 101, has a blurry letter, and the state or origin cannot be seen in any of the exhibits. The court determines that this is sufficient to find probable cause to stop the minivan. Accordingly, the court shall deny the motion to suppress and overrule the objections to the report and recommendation.

    THEREFORE, IT IS ORDERED:

    1.  Defendant's motion to suppress, Filing No. 19, is denied;

    2.  Defendant's objections, Filing No. 30, are overruled; and

    3.  The magistrate judge's report and recommendation, Filing No. 29, is adopted.

DATED this 1st day of November, 2005.

                                    BY THE COURT:

                                    s/ Joseph F. Bataillon
                                    JOSEPH F. BATAILLON
                                    United States District Judge